UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

BETH NICHOLE JORDAN,           )
                               )
        Plaintiff,             )
                               )
v.                             )   No. 1:16-CV-23
                               )
RELIANCE STANDARD LIFE         )
INSURANCE COMPANY,             )
                               )
        Defendant.             )

## MEMORANDUM OPINION

This matter is before the Court on Plaintiff's Motion for Judgment on the Pleadings [doc. 50], Plaintiff's Brief in Support of the Motion [doc. 54], Defendant's Response and Cross-Motion for Judgment on the Pleadings [doc. 65], Defendant's Brief in Support of the Cross-Motion [doc. 66], Plaintiff's Reply [doc. 78], Defendant's Sur-Reply [doc. 84], and Plaintiff's Response to Defendant's Sur-Reply [doc. 85]. For the reasons herein, the Court will deny both motions and will remand this action based on Defendant's contention that Plaintiff has failed to exhaust her administrative remedies.

### I. BACKGROUND

Between 2008 and 2009, Plaintiff Beth Nichole Jordan, a nurse anesthetist, suffered a possible tick bite while camping, contracted Lyme disease, and began to experience various medical complications from the disease. [Compl., doc. 1, ¶¶ 8, 12–13; R. at 312, 709–10, 854–56, 1428–31]. She eventually filed for disability benefits under

her employer's long-term disability policy, whose administrator is Defendant Reliance Standard Life Insurance Company ("Reliance"). [Compl. ¶¶ 9–11, 14–15; *see* R. at 317–22]. Reliance concluded that she qualified for long-term disability benefits under its policy, approved her claim, and provided her with benefits. [Compl. ¶ 16; R. at 303, 1606]. But a few years later, in 2015, Reliance terminated her benefits after finding that she did not meet the policy's definition of "Total Disability." [Compl. ¶¶ 22–23; R. at 9, 1606–10].

Ms. Jordan appealed Reliance's denial of her benefits on November 3, 2015, through Reliance's internal appellate-review process. [Compl. ¶ 24; R. at 1214]. While the appeal was ongoing, Reliance sent a letter to Ms. Jordan on December 16, 2015, informing her that it would require her to undergo an independent medical examination, [Compl. ¶ 27; R. at 1621]—which it is free to do under the policy's terms, [R. at 13]—and that it would "toll the statutory time frames for rendering an appeal determination pending completion of the examination and receipt of the physician's report," [*id.* at 1622; *see* Compl. ¶ 37]. Reliance's third-party vendor scheduled the exam to take place on January 12, 2016, with Stephen Dawkins, M.D., in Georgia. [Compl. ¶¶ 27–28; R. at 1335]. On the day of the exam, while Ms. Jordan was traveling to Dr. Dawkins' office, Dr. Dawkins had to respond to an emergency. [Compl. ¶ 29; R. at 237]. Although he could not keep his appointment with Ms. Jordan at the time that they had originally scheduled, he did offer to see her later in the afternoon on that same day. [Compl. ¶ 29; R. at 237]. She was unable, however, to meet with him on that day. [Compl. ¶ 30; R. at 237].

On January 29, 2016, Reliance contacted Ms. Jordan's counsel about rescheduling the appointment. [Compl. ¶ 31; R. at 237]. According to Ms. Jordan, the due date for a decision on her appeal was December 18, 2015, [Compl. ¶ 35; R. at 243], and her counsel informed Reliance that she was willing to attend the exam only if Reliance could reschedule it "quickly," [Compl. ¶ 31; R. at 243]. The earliest available date for another appointment with Dr. Dawkins, however, was apparently February 24, 2016. [Compl. ¶ 32; R. at 243, 1628].[1]

On February 5, 2016, Ms. Jordan, without having received a final decision from Reliance regarding her appeal, filed suit in this Court under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), claiming that Reliance wrongfully denied her disability benefits under the policy and seeking a judgment entitling her to those benefits. [Compl. at 7–8].[2] She alleges that "this matter is now properly before this court for judicial review." [*Id.* ¶ 2]. Specifically, she maintains that "[b]ecause Reliance Standard has failed to follow the decision timeline required by the ERISA claims regulations . . . Plaintiff's administrative remedies are deemed exhausted[.]" [*Id.* ¶ 41]. In response, Reliance alleges that "Plaintiff's claim is barred by her failure to exhaust her administrative remedies." [Answer, doc. 5, at 4].

---

[1] Reliance also explored the possibility of setting up an appointment with physicians other than Dr. Dawkins, having "reached out to several vendors," [R. at 243], but they were either too far away from Ms. Jordan or did not have upcoming availabilities for appointments, [*id.* at 240–42, 1628].

[2] On February 11, 2016, Reliance issued a final decision. [*Id.* at 1623–31]. It stated that it had "no alternative" but to validate its original denial of Ms. Jordan's benefits because "[s]he refus[ed] to attend the IME (as rescheduled) and fail[ed] to cooperate under the terms of the Policy . . . prejudic[ing] our ability to fully and fairly evaluate the appeal." [*Id.* at 1628, 1630].

3

## II. ERISA'S CLAIMS PROCEDURE

ERISA permits a participant[3] of certain employee benefit plans to file a civil action in federal district court for the recovery of benefits under these plans. 29 U.S.C. § 1132(a)(1)(B), (e)(1); *see also id.* §§ 1002(1), 1003(a)–(b) (defining the types of plans to which ERISA applies). ERISA, however, "requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court." *Miller v. Metro. Life Ins. Co.*, 925 F.2d 979, 986 (6th Cir. 1991). Although ERISA itself does not expressly require exhaustion, the Sixth Circuit espouses a judicially created doctrine of exhaustion based on "[t]he administrative scheme of ERISA." *Constantino v. TRW, Inc.*, 13 F.3d 969, 974 (6th Cir. 1994) (quoting *id.*).[4] A participant can therefore file suit to recover benefits under ERISA only after receiving a plan administrator's final decision as to that participant's entitlement to benefits. *See Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 610 (2013) ("A participant's cause of action under ERISA accordingly does not accrue until the plan issues a final denial.").

A participant, however, may also file suit *before* receiving a final decision if that decision is untimely under 29 C.F.R. § 2560.503-1(*l*)(2)(i). Under this regulation,[5] which

---

[3] ERISA defines a "participant" as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." 29 U.S.C. § 1002(7).

[4] In this vein, ERISA "require[s] benefit plans to provide internal dispute resolution procedures." *Weiner v. Klais & Co.*, 108 F.3d 86, 91 (6th Cir. 1997) (citation and footnote omitted). Specifically, § 1333(2) states that an administrator must "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim."

[5] In pertinent part, § 2560.503-1(*l*)(2)(i) states: "In the case of a claim for disability benefits, if the plan fails to strictly adhere to all the requirements of this section with respect to a

4

is known as the "deemed-exhausted provision," a court must construe the administrator's untimeliness as a denial of benefits and deem the participant's administrative remedies to be exhausted. 29 C.F.R. § 2560.503-1(i)(1)(i), (i)(3)(i), (*l*)(2)(i). For a claim of disability benefits, the administrator's final decision as whether to uphold an initial denial of benefits is untimely if it does not take place within forty-five days of the participant's request for a review, *id.* § 2560.503-1(i)(1)(i), (i)(3)(i)—unless the administrator provides the participant with written notice of "special circumstances" that require an extension of time, *id.* § 2560.503-1(i)(1)(i).[6] An extension of time due to special circumstances cannot exceed an additional forty-five days, meaning that the administrator must render a final decision no later than ninety days from the participant's request for a review. *Id.* § 2560.503-1(i)(1)(i), (i)(3)(i).

### III. ANALYSIS

The Court begins by noting that the exhaustion of administrative remedies applies only to plan-based claims under ERISA; it is not an antecedent to a participant's right to bring a statutory *violation* of ERISA—like an alleged violation of ERISA's anti-cutback provisions under 29 U.S.C. § 1054(g) or an alleged violation of ERISA's fiduciary duties under 29 U.S.C. § 1104. *Hitchcock v. Cumberland Univ. 403(b) DC Plan*, 851 F.3d 552, 564 (6th Cir. 2017). Ms. Jordan, however, does not allege a breach of fiduciary duty or any other statutory violation of ERISA, asserting only a claim for the wrongful denial of

---

claim, the claimant is deemed to have exhausted the administrative remedies available under the plan[.]"

[6] Subsection 2560.503-1(i)(1)(i) does not expressly define "special circumstances," providing only that "the need to hold a hearing" is one example of a special circumstance.

5

benefits under the terms of Reliance's policy. [*See* Compl. ¶¶ 46–53].[7] Her satisfaction of the common-law doctrine of exhaustion is therefore a prerequisite to her right to maintain this action. Also, Reliance incorporated the common-law exhaustion requirement into its policy, which states that "ERISA claim appeal remedies . . . must be exhausted" before a participant can pursue review in another forum[8] and provides that all reviews of claims must be "complete." [R. at 13]; *see Union Sec. Ins. Co. v. Blakeley*, 636 F.3d 275, 276 (6th Cir. 2011) (stating that ERISA "repeatedly underscores the primacy of the written plan").[9] So under both the common law and Reliance's policy, Ms. Jordan had to exhaust her administrative remedies before filing this action—and she acknowledges as much by pleading that she has "exhausted her *required* administrative remedies with respect to the long term disability claim." [Compl. ¶ 42 (emphasis added)].

---

[7] Ms. Jordan, in her brief, argues that Reliance "breach[ed] its ERISA fiduciary duties owed to Plaintiff" but raises no allegation to this effect in her Complaint. [Pl.'s Br. at 1].

[8] This language resides within an arbitration provision in Reliance's policy, so it pertains to the exhaustion of administrative remedies prior to the filing of claims in an arbitral tribunal rather than prior to the filing of claims in federal court. Still, a reasonable interpretation of this language yields the parties' broader intent and understanding that the exhaustion of administrative remedies must occur before a review can be had in *any* forum. *Cf. Perez v. Aetna Life Ins. Co.*, 150 F.3d 550, 557 (6th Cir. 1998) (concluding that a "reasonable interpretation" of an ERISA plan's language meant that the administrator had clear discretionary authority under the plan even though the plan lacked express language to that effect (footnote omitted)).

[9] Reliance's policy contains no description of its internal appellate-review process. *See* 29 U.S.C. § 1133(2) ("[E]very employee benefit plan shall . . . afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review . . . of the decision denying the claim."). Reliance instead provided Ms. Jordan with a description of its appellate-review process in its initial notice of denial. [R. at 1609–10]; *see* 29 C.F.R. § 2560.503-1(g)(1)(iv) (stating that a plan administrator, when denying a participant's initial claim, must give "[a] description of the plan's review procedures and the time limits applicable to such procedures"). Ms. Jordan does not in any way challenge this notice as faulty under ERISA's notice requirements. *See Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 436–37 (6th Cir. 2006).

Again, although she did not secure a final decision from Reliance by pursuing its internal appellate-review process to its end, she nonetheless argues that she has exhausted her administrative remedies and properly filed suit in this Court because Reliance never issued a timely final decision under the applicable deadline. [*Id.* ¶¶ 2, 35, 39; Pl.'s Br. at 20, 22–25]. She claims that because Reliance made no decision within forty-five days of her appeal, she did not have to wait for a decision. [*Id.*]. She also asserts that Reliance's letter from December 16, 2015—in which Reliance notified her of its intent to schedule an independent exam—does not constitute written notice of special circumstances and that Reliance was therefore not entitled to an additional forty-five-day extension based on this letter. [Compl. ¶ 36; Pl.'s Br. at 24–25]. In sum, she urges the Court to view her administrative remedies as exhausted under the deemed-exhausted provision.

But before delving into the issue of exhaustion, the Court must define the legal parameters for its analysis. Although courts have resolved ERISA cases through summary judgment and bench trials, the Sixth Circuit, in a concurring opinion, has advised courts not to use either procedure in these types of cases. *See Wilkins v. Baptist Sys., Inc.*, 150 F.3d 609, 617–19 (6th Cir. 1998) (Gilman, J., concurring). Considering only the evidence that the parties presented to the administrator, courts should instead review the administrative record and, based on that review, issue findings of fact and conclusions of law. *Id.* at 619. But as to the specific issue of exhaustion, Reliance—importantly—does not ask for judgment on the administrative record; instead, it requests the dismissal of Ms. Jordan's claim: "Plaintiff . . . failed to exhaust her administrative remedies . . . . As a result, Plaintiff's claim must be dismissed[.]" [Def.'s Br. at 8 n.3

(citations omitted)]. The Court construes this argument as a request for dismissal under Federal Rule of Civil Procedure 12(b)(6).[10]

In ERISA actions, when a defendant moves to dismiss a complaint for failure to exhaust administrative remedies, courts typically resolve the issue based on the face of the pleadings and not the administrative record. *See Hill v. Blue Cross & Blue Shield of Mich.*, 409 F.3d 710, 721 (6th Cir. 2005) ("Plaintiffs have not sufficiently alleged that they exhausted the administrative remedies available to them[.]"); *Weiner v. Klais & Co.*, 108 F.3d 86, 91 (6th Cir. 1997) (affirming dismissal of an ERISA claim for benefits because the plaintiff had "not alleged any factual basis" showing the exhaustion of remedies); *Beamon v. Assurant Emp. Benefits*, 917 F. Supp. 2d 662, 666 (W.D. Mich. 2013) (stating that "exhaustion is an affirmative defense" and noting that "a district court may dismiss a complaint if the existence of a valid affirmative defense, such as the failure to exhaust, is . . . plain from the face of the complaint") (quoting *Turley v. Gaetz*, 625 F.3d 1005, 1013 (7th Cir. 2010))); *Barix Clinics of Ohio, Inc. v. Longaberger Family of Cos. Grp. Med. Plan*, 459 F. Supp. 2d 617, 621–23 (S.D. Ohio 2005) (dismissing an ERISA claim for benefits after performing an analysis of the complaint and concluding that the plaintiff failed adequately to plead exhaustion).

---

[10] The legal standard that governs a Rule 12(b)(6) motion to dismiss is, of course, not unfamiliar to the parties. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that create a reasonable inference that the defendant is liable for the alleged conduct in the complaint. *Id.* When considering a Rule 12(b)(6) motion to dismiss, the Court accepts the allegations in the complaint as true and construes them in a light most favorable to the plaintiff. *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999).

After examining Ms. Jordan's allegations, the Court is not convinced that she has pleaded sufficient facts showing the exhaustion of her administrative remedies. She pleads that Reliance's final decision was due on December 18, 2015—the day on which the forty-five day deadline expired—and that none of Reliance's communications before that date constituted special circumstances for an extension. [Compl. ¶¶ 35–36].[11] Based on these allegations, which the Court must accept as true, Reliance's decision should have occurred on December 18, 2015, and when it did not occur on this date, it was untimely. [*Id.* ¶ 39]; 29 C.F.R. § 2560.503-1(i)(1)(i), (i)(3)(i). Despite the expiration of the forty-five-day deadline on this date, Ms. Jordan did not exercise her legal right to bring a claim in this Court at that time. Instead, she chose to proceed through Reliance's internal appellate-review process for an additional forty-nine days—even to the point of traveling to participate in an independent medical exam and expressing a willingness to reschedule that exam. [Compl. ¶¶ 27–32]. She did not file her ERISA claim in this Court until February 5, 2016. [*Id.* at 8].

So Ms. Jordan—by her own account—elected to delay the filing of her claim in this Court when the opportunity arose at the end of forty-five days, in favor of pursuing her administrative remedies under Reliance's policy for a period of nearly two more months. Although this Court is unaware of any case in which a court in this circuit has had to reconcile with this somewhat unusual scenario, courts elsewhere have dealt with relatively similar facts and declined to deem administrative remedies exhausted. *See Hall*

---

[11] Ms. Jordan also appears to allege that she did not concede to the tolling of ERISA's statutory or regulatory timeframes, [Compl. ¶ 26], and she makes this assertion outright in her brief, [Pl.'s Br. at 23–25].

*v. United of Omaha Life Ins. Co.*, 741 F. Supp. 2d 1348, 1357 (N.D. Ga. 2010) ("[The plaintiff] could have filed suit once the original deadline had passed, but he chose to wait. Thus, [the administrator's] alleged delay in providing an initial claim decision does not trigger the deemed exhaustion provision." (footnote omitted)); *Tindell v. Tree of Life, Inc.*, 672 F. Supp. 2d 1300, 1311, 1312 (M.D. Fla. 2009) ("[I]f a plan administrator fails to issue a timely decision on a claim for benefits or an appeal the claimant may deem her administrative remedies exhausted and immediately proceed to court. However, if the claimant waits for the plan administrator to issue a determination, then the claimant should pursue the administrative route to its end. . . . [E]xcusing exhaustion in such a circumstance would permit a claimant who opted to wait indefinitely for a decision to then effectively circumvent the administrative appeal process altogether." (citation omitted)); *cf. Borman v. Great Atlantic & Pacific Tea Co.*, 64 F. App'x 524, 529 (6th Cir. 2003) (recognizing that "the attempted circumvention" of ERISA's exhaustion requirement "ordinarily should not be tolerated" (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984))); *see also* [Pl.'s Reply at 5 (acknowledging that an administrator has "no more than 45 days to make a decision on a disability appeal" and that if it fails to meet this deadline, the participant may proceed "*directly* to court" (emphasis added) (citation omitted))].

In addition, the Court would be remiss if it did not note that Ms. Jordan has not pleaded—not even in perfunctory fashion—that the exhaustion of her administrative remedies would be futile. *See Weiner*, 108 F.3d at 91 (stating that futility—that is, a plaintiff's assertion that an administrative route would be a pointless or an inadequate

remedy—is as an exception to the exhaustion requirement if properly pleaded); *see also Coomer v. Bethesda Hosp., Inc.*, 370 F.3d 499, 505 (6th Cir. 2004) (stating that the plaintiff did not properly plead futility); *see also Zhou v. Guardian Life Ins. Co. of Am.*, 295 F.3d 677, 680 (7th Cir. 2002) ("When a party has proffered no facts indicating that the review procedure that *he initiated* will not work, the futility exception does not apply." (emphasis added) (citation omitted)). In fact, Ms. Jordan even concedes that a remand of this action would not be futile at all but a suitable "alternative" remedy to judgment on the administrative record: "In the alternative . . . Reliance Standard [should] conduct a medical exam within a set amount of time, and . . . produce a decision within a set amount of time thereafter." [Pl.'s Br. at 35].

The Court will oblige her request for a remand, due to her failure to plead plausible facts showing the exhaustion of her administrative remedies and Reliance's request for dismissal. The Court will remand this action so that Reliance can perform an independent medical exam and make a final determination regarding Ms. Jordan's right to disability benefits based on a *complete* factual record. *See Shelby Cty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 373 (6th Cir. 2009) (observing that remand is "appropriate in a variety of circumstances, particularly where the . . . administrative record is factually incomplete").[12] Rather that dismiss this action, however, the Court will place it under a stay and allow Ms. Jordan to amend her pleading to pursue any civil

---

[12] By remanding this action, the Court will also satisfy "several important purposes of administrative exhaustion, including the development of a factual record, enabling [Reliance] to consider the claims before premature judicial intervention, and providing a nonadversarial method of claims settlement." *Coomer*, 370 F.3d at 506; *see Constantino*, 13 F.3d at 975 (listing the various purposes of ERISA's exhaustion requirement).

remedies under ERISA that might become available to her following the remand of this action.

## IV. CONCLUSION

Ms. Jordan's allegations fall short of establishing that she has exhausted her administrative remedies. Because she continued to pursue her administrative remedies rather than file suit when Reliance did not render a decision by the forty-five-day deadline, the Court is not willing to deem her administrative remedies exhausted. She must now pursue the administrative pathway to its end. As a result, the Court orders as follows:

1. Ms. Jordan's Motion for Judgment on the Pleadings [doc. 50] is **DENIED**.

2. Reliance's Cross-Motion for Judgment on the Pleadings [doc. 65] is **DENIED**.

3. Ms. Jordan has not established the exhaustion of her administrative remedies, and the Court **REMANDS** this action to Reliance.

4. Reliance is **ORDERED** to schedule an independent medical exam for Ms. Jordan. Reliance **SHALL** schedule the exam to occur with a physician who, according to its vendors, is nearest to Ms. Jordan's residence. Reliance **SHALL** schedule the exam at the earliest date that that physician has available. Ms. Jordan **SHALL** attend the exam.

5. Within thirty days from the date of the exam, Reliance **SHALL** issue its final decision regarding Ms. Jordan's appeal.

6. This action is hereby **STAYED**.

    **IT IS SO ORDERED.**

                                            ENTER:


                                    _s/ Thomas W. Phillips_
                                    United States District Judge