UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| BETH NICHOLE JORDAN, | ) |
| Plaintiff, | ) 1:16-CV-00023-DCLC-CHS |
| v. | ) |
| RELIANCE STANDARD LIFE INS. CO., | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on Defendant Reliance Standard Life Insurance Company's ("RSL") Objection to the Magistrate Judge's Report and Recommendation [Doc. 143]. Plaintiff Beth Nicole Jordan responded [Doc. 144]. This matter is now ripe for resolution. For the reasons stated below, RSL's Objection to the Magistrate Judge's Report and Recommendation [Doc. 142] is **OVERRULED**.

**I. BACKGROUND**

Between 2008 and 2009, Jordan, a nurse anesthetist, contracted Lyme disease while camping, which resulted in various medical complications [Doc. 91, pg. 1]. In 2009, under the Employee Retirement Income Security Act ("ERISA"), Jordan applied for long-term disability benefits through her employer's employee benefit plan [Doc. 100-1, pg. 3]. RSL, the administrator of the plan, initially found Jordan "Totally Disabled," approved her claim, and disbursed benefits from October 15, 2009, through October 15, 2015 [*Id.*, pg. 23]. After those initial five years of payments, the plan's definition of "Totally Disability" changed and, on May 15, 2015, RSL notified Jordan that it would terminate her benefits at the end of the initial period because she no longer met the definition of total disability [*Id.*, pg. 5].

Jordan appealed this determination through RSL's internal appellate-review process [*Id.*]. As allowed by its plan, RSL requested Jordan undergo an independent medical examination ("IME") [*Id.*, pgs. 5-6]. After some scheduling conflicts and disagreements between the parties, Jordan filed the instant suit without attending the IME and prior to receiving RSL's final decision on her internal appeal [Doc. 91, pg. 3]. On January 24, 2018, the Court concluded that Jordan failed to exhaust her administrative remedies, remanded her claim to RSL, and ordered her to attend an IME, so RSL could render a final benefits determination [Docs. 91, 92]. Importantly, the Court noted that Jordan requested remand to conduct an IME as an alternative remedy in her pleadings [Doc. 91, pg. 11]. Jordan specifically noted that the Court could order RSL to conduct an IME within a set time frame and render a decision within so many days after the completion of the IME [Doc. 91, pg. 11].

After completing the IME following the Court's first remand of Jordan's claim, RSL partially approved her claim, extending benefits through August 1, 2016, but denied her request for payments beyond that date [Doc. 100-1, pgs. 6-7]. In its decision letter, RSL noted that an Administrative Law Judge with the Social Security Administration ("SSA") had determined that Jordan possessed the ability to perform sedentary work [*Id.*, pg. 7].

Jordan timely appealed this determination. On January 8, 2019, RSL sent Jordan a letter affirming the denial of her request for benefits beyond August 1, 2016 [Doc. 100-1, pgs. 23-30]. In reaching its determination, RSL asserted that it evaluated the records of Jordan's treating physicians and "the statements from the appeal letter." [*Id.*, pgs. 25-26]. On May 8, 2020, the Court issued its Second Remand Order [Doc. 114]. The Court found that RSL had not considered Jordan's statements from her appeal letter that clarified her academic schedule [*Id.*, pg. 13-15]. The Court noted that RSL did not substantially comply with 29 U.S.C. § 1133's "full and fair

2

Case 1:16-cv-00023-DCLC-CHS   Document 145   Filed 03/31/23   Page 2 of 12   PageID #: 4302

review" requirement and that RSL failed to explain why it adopted certain doctors' opinions over others in its review [*Id.*, pgs. 14-16].

During the second remand, Jordan attempted to submit additional evidence to RSL in support of her claim for benefits [Doc. 116]. RSL declined to consider that new evidence, asserting that the scope of the Court's Second Remand Order did not require reopening the administrative record [Doc. 117]. The Court issued an order clarifying its Second Remand Order [Doc. 118]. The Court denied Jordan's request to reopen the record and explained that its Second Remand Order "specifically pointed out two areas of consideration" for RSL to provide its reasoning [*Id.*, pgs. 2-3].

Following the Court's clarification, RSL issued its last decision on January 15, 2021 [Doc. 123-1]. RSL reaffirmed its previous determination that Jordan was not totally disabled as of August 1, 2016 [*Id.*, pgs. 9-10]. Both RSL and Jordan then moved for judgment on the pleadings [Docs. 123, 125]. The Court granted RSL's motion for judgment and denied Jordan's motion [Doc. 130]. Jordan appealed the Court's order shortly thereafter [Doc. 132]. Jordan also moved for attorney fees [Doc. 133]. In her motion for attorney fees, Jordan argued that her motion was timely and that she was eligible for an award of attorney's fees [Doc. 134, pgs. 1-9]. According to Jordan, she obtained two remands and won two motions to compel, which made her eligible for her attorney's fees [Doc. 134, pg. 2].

Jordan next argued that under the Sixth Circuit's five-factor test from *Sec'y of Dep't of Labor v. King*, 775 F.2d 666 (6th Cir. 1985), for awarding attorney's fees in ERISA cases, she is entitled to such an award [Doc. 134, pgs. 2-9]. First, Jordan asserted that RSL's conduct makes it highly culpable for the amount of fees Jordan incurred [Doc. 134, pg. 3]. Second, Jordan argued that RSL had the capacity to pay an award of attorney's fees [Doc. 134, pg. 4]. Third, she asserted

3

that denial of her motion for attorney's fees would encourage plan administrators to deny benefits and force plaintiffs to court [Doc. 134, pgs. 4-5]. Fourth, Jordan argued that the discovery she obtained from RSL in this case "has already been used in several other matters against [RSL] to prove that it intentionally withholds certain emails from ERISA claim files." [Doc. 134, pg. 5]. Lastly, Jordan asserted that the merits of her position outweighed RSL's because the Court twice remanded her claim for RSL to conduct further review [Doc. 134, pgs. 5-6].

Using the lodestar method, Jordan requested fees for: (1) 230 "partner-level" attorney hours at a rate of $450 per hour; (2) 1.4 associate attorney hours at a rate of $325 per hour; (3) 33.5 hours of paralegal time at a rate of $125 per hour; and (4) the $400 filing fee paid to file this case [Doc. 134, pg. 6]. In total, Jordan sought an award of $108,542.50 [Doc. 134, pg. 6]. She contended that the hourly rates she sought for each amount of time expended on this case was a reasonable market rate [Doc. 134, pgs. 6-7].

RSL responded that Jordan was not eligible for attorney's fees because she did not achieve any success on the merits [Doc. 138, pg. 2]. It stated that the Court's first remand was based on Jordan's failure to exhaust her administrative remedies and that the Court's second remand was for a procedural defect rather than a "merit-based" defect [Doc. 138, pgs. 2-3]. RSL next argued that even if Jordan were eligible, she is not entitled to her attorney's fees [Doc. 138, pg. 3]. RSL contended that the Court's first and second remands were not evidence of culpability [Doc. 138, pgs. 3-4]. It asserted that Jordan's attorney displayed bad faith by serving requests for broad discovery and maintaining a blog that detailed the proceedings in this case [Doc. 138, pg. 4]. Additionally, RSL noted that Jordan's attorney filed disciplinary complaints against RSL's attorneys for alleged discovery malfeasance [Doc. 138, pg. 4].

4

Case 1:16-cv-00023-DCLC-CHS Document 145 Filed 03/31/23 Page 4 of 12 PageID #: 4304

Next, RSL conceded that it had the ability to pay an award of attorney's fees [Doc. 138, pg. 5]. But it argued that an award of attorney's fees would not provide any deterrent effect because the Court's remands were based on the need for RSL "to further explain its decision." [Doc. 138, pg. 5]. Similarly, RSL argued that there was no common benefit or resolution of a significant legal issue from this case because Jordan did not cite the other cases in which RSL's failure to produce emails was used [Doc. 138, pg. 5]. RSL further stated that merits of its position outweighed the merits of Jordan's position because the Court's first remand was due to Jordan's own failure to exhaust her administrative remedies [Doc. 138, pgs. 5-6]. RSL next argued that Jordan's requested amount of fees was unreasonable and that Jordan claimed excessive fees for the work performed by her attorney [Doc. 138, pgs. 6-9].

Jordan replied that she achieved some success on the merits of her claim for benefits and is eligible for attorney's fees [Doc. 140, pgs. 1-3]. She asserted that in its first remand, the Court granted one of her alternative requests for an IME on a strict timeline [Doc. 140, pgs. 2-3]. Jordan stated the Court's second remand found that RSL's review process "to be fraught with errors" and arbitrary and capricious [Doc. 140, pg. 3]. She contended that although the Court denied her motion for judgment following the second remand, winning that second remand was success on the merits to qualify her for attorney's fees [Doc. 140, pg. 3]. Jordan next replied that RSL's culpability outweighs her own because of its failure to turn over emails during discovery that the Court later ordered RSL must produce to her [Doc. 140, pg. 4]. She further argued that awarding her attorney's fees would prevent insurers from withholding evidence in ERISA cases [Doc. 140, pg. 7]. Jordan conceded that she cannot identify other cases where the discovery obtained in this litigation was used [Doc. 140, pgs. 7-8]. Jordan next asserted that she prevailed on four out of the five "major contested issues" during this case and that the Court's latest ruling denying her motion

for judgment should not detract from her other successes [Doc. 140, pg. 8]. Lastly, Jordan argued that her hourly rate and hours expended calculations are reasonable [Doc. 140, pgs. 8-14].

The magistrate judge recommended that the Court grant in part and deny in part Jordan's motion for attorney's fees [Doc. 142]. The magistrate judge first found that Jordan was eligible for attorney's fees because the Court remanded her case to RSL for failing to provide a full and fair review under ERISA [Doc. 142, pg. 7]. Next, the magistrate judge reasoned that Jordan was entitled to some of her attorney's fees [Doc. 142, pg. 7]. The magistrate judge stated that the Court found a flaw in the integrity of RSL's review of Jordan's claim when it remanded her claim for a second time [Doc. 142, pgs. 8-12]. The magistrate judge rejected RSL's claim that Jordan's attorney was more culpable than RSL because none of RSL's arguments bore on "either party's culpability which led to the need to remand this case to [RSL] a second time." [Doc. 142, pgs. 9-12]. The magistrate judge next found that RSL had the ability to pay an award of attorney's fees to Jordan and that an award of attorney's fees would deter RSL in the future from acting negligently in reviewing claims for benefits [Doc. 142, pg. 12]. The magistrate judge further found that Jordan's claim did not implicate novel or significant legal questions [Doc. 142, pg. 13]. Additionally, the magistrate judge stated that the merits of the parties' positions weighed in Jordan's favor because she obtained a second remand [Doc. 142, pg. 13].

Considering the factors as a whole, the magistrate judge reasoned that the Court should award Jordan some of her attorney's fees but not all because her success was limited [Doc. 142, pg. 14]. The magistrate judge found that Jordan should recover for work her attorney performed before the Court's first remand because that work had to be done to secure her additional benefits [Doc. 142, pg. 14]. Similarly, the magistrate judge reasoned that Jordan should recover fees for the work her attorney performed between the first and second remand but not for work performed

after the second remand because the Court ultimately denied Jordan's motion for judgment after the second remand [Doc. 142, pg. 14]. The magistrate judge further recommended the Court award Jordan attorneys' fees for the drafting of the motion for attorney's fees [Doc. 142, pg. 14].

The magistrate judge next found that the reasonable hourly rate for the "partner-level" hours Jordan's attorney worked was $350 per hour for the work he performed between 2016 and 2019, and $375 per hour for the work he performed from 2020-2022 [Doc. 142, pg. 15-17]. The magistrate judge concluded that Jordan's attorney worked a total of 127.4 hours during those time periods, resulting in an award of $48,210 using the rates above [Doc. 142, pg. 17]. The magistrate judge next recommended that the Court award Jordan $900 for three hours of work her attorney's associate performed at a rate of $300 per hour [Doc. 142, pg. 17]. The magistrate judge also found that Jordan could recover fees for 16.75 hours of paralegal time at a rate of $125 per hour, for a total of $2,093.75 [Doc. 142, pgs. 17-18]. The magistrate judge recommended that the Court award Jordan a total of $51,203.75 for her attorney's fees [Doc. 142, pg. 18].

RSL now objects to the magistrate judge's recommendations [Doc. 143]. Jordan responded to RSL's objections [Doc. 144]. This matter is now ripe for resolution.

## II. LEGAL STANDARD

The Court must conduct a *de novo* review of portions of the magistrate judge's report and recommendations to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections to the magistrate judge's report and recommendations need be considered; general objections or objections raised prior to the report and

7

recommendations are waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004); Smith, 829 F.2d at 1373.

**III.    ANALYSIS**

RSL makes two primary objections. First, it objects to Jordan's eligibility for attorney's fees. Second, RSL objects to the magistrate judge's findings as to the five-factor test used in *King*. For ease of reference, the Court addresses each objection in turn.

**A.    Whether Jordan is eligible for an award of attorney's fees**

To be eligible for an award of attorney's fees in an ERISA case, the plaintiff must demonstrate that she achieved "some degree of success on the merits." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). "Trivial success on the merits" or a "purely procedural victory" will not establish a plaintiff's eligibility for attorney's fees. *Id.* Instead, a plaintiff can establish eligibility "if the [C]ourt can fairly call the outcome of the litigation some success on the merits without conducting a 'lengthy inquiry into the question of whether a particular party's success was "substantial" or occurred on a "central issue."'" *Id.* (internal quotations omitted and alterations adopted).

RSL contends that the Court's first remand order was based on Jordan's actions and that the first remand cannot support an award of fees [Doc. 143, pgs. 3-4]. RSL urges the Court to assume that the claim result would have been the same if Jordan had attended her IME as initially scheduled and that Jordan's attorney did not necessarily have to perform the work that lead to the first remand [Doc. 143, pgs. 3-5]. RSL next characterizes the second remand as a "purely procedural victory" that did not address the central issue in this case [Doc. 143, pgs. 4-5].

Jordan responds that the magistrate judge properly found that she was eligible for attorney's fees because the magistrate judge based the award of fees on RSL's behavior during

discovery [Doc. 144, pg. 2]. Jordan notes that the parties spent a significant amount of time resolving discovery disputes, which would have been unnecessary if RSL "simply responded to [Jordan's] discovery requests." [Doc. 144, pg. 3]. Next, Jordan argues that the Court granted her alternative request for relief in its first remand order by requiring RSL to conduct an IME within a strict timeline [Doc. 144, pg. 4]. Jordan asserts that because of the first remand, she eventually obtained more than half of the benefits at issue in this case [Doc. 144, pg. 4]. Jordan further argues that fees for obtaining the second remand are appropriate because the Court found RSL's decision was arbitrary and capricious [Doc. 144, pg. 5].

Here, the magistrate judge properly found that Jordan was entitled to an award of attorney's fees because of her success in obtaining two remands from the Court, one of which led to a decision for additional benefits by RSL. RSL's objection that the first remand cannot support an award of fees misses the mark. Although the Court found that Jordan failed to exhaust her administrative remedies before filing the instant suit, the Court noted that Jordan had asked for a remand to conduct the IME on a strict timeline in the alternative [Doc. 91, pg. 11]. The Court's order then granted a form of relief that Jordan sought, which lead RSL to later give her additional benefits for some of the time period at issue [Docs. 91, pg. 11; 100-1, pgs. 6-7] . RSL's decision to grant Jordan additional benefits cannot be characterized as a "trivial success," and the Court need not scour the record to determine that the additional benefits Jordan received after the first remand were substantial. *Id.* The Court cannot speculate as to what would have happened if Jordan had not filed the instant suit and instead pursued an IME first, as RSL suggests. The Court is confined to the record in determining whether Jordan achieved some success on the merits of her claim, and the record supports such a finding. *See id.* (reasoning that a court should not conduct "a lengthy inquiry" to determine a party's relative success).

9

Similarly, RSL's characterization of the Court's second remand as a "purely procedural victory" does not encapsulate the Court's finding that RSL failed to give Jordan the "full and fair review" to which she was entitled [Doc. 100-1, pgs. 13-15].  Indeed, the Court determined RSL's process so lacking that it failed to satisfy the arbitrary-and-capricious standard of review [Doc. 100-1, pgs. 13-15].  The Court's second remand gave Jordan "another shot" at her claimed benefits, which was a "success on the merits because [her] case was remanded for further consideration[.]" *McKay v. Reliance Standard Life Ins. Co.*, 428 F. App'x 537, 546 (6th Cir. 2011) (internal quotations omitted).  As with the first remand, such a victory by Jordan cannot be called "trivial."  RSL's objection is **OVERRULED** in this respect.

B. **Whether the magistrate judge properly analyzed the *King* factors**

When analyzing a motion for attorney's fees under ERISA, the district court must consider: (1) the degree of the opposing party's culpability; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *King*, 775 F.3d at 669.  RSL objects only to the magistrate judge's report as to the first and fifth factors under *King* [*See* Doc. 143].

RSL argues that its purported negligence in providing Jordan a full and fair review of her claim does not show that they were more culpable [Doc. 143, pg. 6].  RSL notes its "overall good faith in dealing with [Jordan] is reflected in the fact that it changed its initial decision" after the first remand [Doc. 143, pg. 6].  Jordan responds that RSL's behavior in this case justified the magistrate judge's finding that the culpability factor weighed in Jordan's favor [Doc. 144, pg. 6].

10

In analyzing this factor, the magistrate judge emphasized that the Court found a flaw in the "*integrity*" of RSL's review in its second remand [Doc. 142, pg. 8]. The magistrate judge characterized the Court's second remand as necessary to correct substantive flaws in RSL's review [Doc. 142, pg. 8]. The record supports the magistrate judge's explanation of the Court's second remand and his conclusions regarding RSL's culpability [Doc. 100-1, pgs. 14-16]. RSL's assertion that it acted in good faith because it changed its decision following the Court's first remand does not undercut its behavior that the magistrate judge noted in his report and recommendation. If anything, its conduct after it awarded additional benefits to Jordan shows a disregard for the strictures of administrative review that ERISA requires. And as the Court noted above, the second remand was a success on the merits for Jordan and shows the importance of RSL's conduct in its review preceding the second remand. *See McKay*, 428 F. App'x at 546 (internal quotations omitted). Accordingly, RSL's objection is **OVERRULED** in this respect.

RSL next contends that the magistrate judge incorrectly found the relative merits' of the parties' positions weighed in favor of Jordan because he focused only on the second remand [Doc. 143, pg. 6]. Jordan responds that RSL's objection should be overruled because the magistrate judge tailored his recommendation to award fees only for areas where she clearly was successful or areas where the balance of the merits skews in her favor [Doc. 144, pg. 7].

The magistrate judge narrowly tailored his recommendation for attorney's fees only to the phases of litigation in which the record demonstrated Jordan's success. His focus on the second remand as emblematic of the strength of Jordan's position was warranted because of the Court's finding that RSL failed to provide Jordan "full and fair review" of her claim. As detailed in the magistrate judge's report, Jordan also obtained favorable rulings in the first remand and on a number of discovery issues [Doc. 142, pgs. 2-4, 8-10]. The magistrate judge correctly focused on

11

the merits of each parties' position as they related to the successes that Jordan obtained throughout the course of litigation. Further, the record supports the magistrate judge's analysis because Jordan's positions during litigation repeatedly prevailed over RSL's positions over the course of six years. The second remand shows that Jordan's position deserved greater weight than RSL's because the Court concluded that RSL's review of Jordan's claim failed to surpass even the notably lenient arbitrary-and-capricious standard of review [*See* Doc. 100-1, pgs. 13-16]. Accordingly, RSL's objection is **OVERRULED** in this respect.[1]

### IV. CONCLUSION

After thorough consideration of the Report and Recommendation [Doc. 142], Defendant's Objections [Doc. 143], and the record as a whole, the Court finds that the Report and Recommendation properly analyzes the issues presented. For the reasons set out in the Report and Recommendation, which are incorporated by reference herein, it is hereby **ORDERED** that the Report and Recommendation [Doc. 142] is **ADOPTED**, and Jordan's Motion for Attorney's Fees is **GRANTED IN PART** and **DENIED IN PART**. Accordingly, the Court **AWARDS** Jordan **$51,203.75 in attorney's fees**.[2]

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

---

[1] RSL argues in passing that awarding Jordan attorney's fees would not deter negligent conduct because ERISA plans are complex and mistakes can be made by administrators [Doc. 143, pgs. 5-6]. But the magistrate judge's report details behavior that goes beyond mere negligence. [*See* Doc. 142, pgs. 9-12]. Moreover, an award of attorney's fees can deter the behavior detailed in the report and recommendation by requiring to RSL to be more diligent in future litigation.

[2] Jordan asks for an additional amount in fees because of her response to RSL's objections. The Court finds that the magistrate judge accounted for those fees when he recommended awarding fees for Jordan's initial motion for attorney's fees [Doc. 142, pg. 14]. Accordingly, the Court declines to increase Jordan's award further.